SPEAR v. LESTER.

1. BILLS AND NOTES—CONSIDERATION—ILLEGAL AGREEMENT—CREDIBILITY OF WITNESS.

In divorced wife's action against former husband on promissory note alleged to have been given her in property settlement, his claim that it is void because given as consideration for her illegal agreement to procure divorce and that said illegal agreement is established by her testimony in hearing on petition for modification of divorce decree cannot be sustained, where there was explanation thereof by her; but her credibility is affected thereby.

2. SAME—EVIDENCE—TRIAL.

 Where, in divorced wife's action against former husband on promissory note, defendant claimed note to be void because given as consideration for her illegal agreement to procure divorce, court and jury had right to consider his act in setting up said agreement in his bill of complaint for divorce in determining whether said alleged illegal contract was in fact made.

3. SAME—TRIAL—DIRECTED VERDICT—NEW TRIAL.

 ·In divorced wife's action against former husband on promissory note, motions for directed verdict and for new trial, *held*, properly denied.

Appeal from Berrien; White (Charles E.), J. Submitted June 8, 1933. (Docket No. 48, Calendar No. 37,146.) Decided June 29, 1933.

Assumpsit by Mary Spear against Cleveland J. Lester on a promissory note. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*John J. Sterling* (*Webster Sterling* and *Willard J. Banyon,* of counsel), for plaintiff.

*Charles W. Gore,* for defendant.

SHARPE, J.., On April 1, 1930, the plaintiff and defendant were husband and wife. They had been separated for some time, and on that day they met, each being represented by an attorney, and executed a property settlement. Among the considerations which then passed to the plaintiff was a promissory note for $5,000, payable in two years, with interest at 6 per cent., payable semi-annually. This action is brought to recover thereon.

 The defense thereto is based upon a claimed agreement on the part of the plaintiff that in consideration thereof she would procure a divorce from the defendant and that such agreement was illegal.

and formed no consideration for the giving of said note.

The trial court submitted this question to the jury in instructions of which no complaint is made, and they found for the plaintiff. The defendant has appealed from the judgment entered thereon.

Error is assigned upon the overruling of defendant's motion for a directed verdict and the denial of his motion for a new trial, based upon the claim that the verdict was against the great weight of the evidence.

In December, 1930, the defendant filed a bill for divorce on the ground of extreme cruelty. In it he set forth the settlement agreement above referred to, and stated that he "has carried out the terms of said settlement, in all respects." The defendant therein filed an answer thereto and a cross-bill, in which she alleged extreme cruelty on the part of the plaintiff. After a hearing thereon, the trial court, on March 18, 1931, granted a decree to the defendant. In it he ordered the plaintiff therein to pay to the defendant therein "the sum of $5,000, mentioned in said property settlement, in lieu of all dower interests which said Mary Lester may have in the property of said Cleveland Lester as provided in property settlement mentioned in the plaintiff's bill of complaint."

The defendant as a witness admitted that he had paid to plaintiff the sum of $3,000, also provided for in the settlement agreement, and the interest on the note sued upon up to and including that due on October 1, 1931. He testified that at the time the settlement agreement was executed the plaintiff agreed to secure a divorce from him. This she denied. The claim of defendant's counsel that such an agreement on her part is established is based on

testimony given by her at a time when a petition for modification of the divorce decree was being heard. There was explanation by her. This but affected her credibility.

Without passing upon the claim of plaintiff's counsel that defendant, by setting up the agreement in his bill of complaint in the divorce proceeding, is estopped from now insisting that it was founded upon an illegal consideration, the court and jury had a right to consider his acts in that respect in determining whether the illegal contract was in fact made.

In our opinion the motion for a directed verdict and also that for a new trial were properly denied. The judgment is affirmed.

MCDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.